**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**MARY ANN BENDER, et al.,** *

**Plaintiffs,** *

**v.** * **CIVIL NO. JKB-23-1511**

**WIEGAND SPORTS GMBH, et al.,** *

**Defendants.** *

* * * * * * * * * * * *

**MEMORANDUM**

## I. Factual and Procedural History

Plaintiffs Mary Ann Bender and Eric Piper brought suit against Wiegand Sports GmbH ("Weigand"),[1] Pacific Group Resorts, Inc. ("Pacific"), and Everbright Pacific LLC ("Everbright"), both as parent and next friend of C.P. and in their individual capacities. (*See generally* ECF No. 21.) This case relates to an incident that occurred on a "mountain coaster" at Wisp Resort. (*Id.*) Wiegand "designed, manufactured, distributed, and sold the mountain coaster and the sled at issue in this case; and [it] sent [its] agents, servants, and employees to Maryland to lay out the mountain coaster and determine how it would be built, and then later, to supervise and assist with the installation of the coaster and sleds." (*Id.* ¶ 9.) Pacific "is the owner and operator of Wisp Resort and the mountain coaster and sled at issue." (*Id.* ¶ 10.) Everbright is "a co-operator of the Wisp Resort and the mountain coaster and sled at issue." (*Id.* ¶ 11.)

As Plaintiffs allege:

> On January 15, 2022 [at Wisp Resort], C.P., a 9-year-old boy, was a belted front seat rider in a two person tandem mountain coaster sled with Mary Ann Bender, his

[1] Plaintiffs also brought suit against Josef Wiegand GmbH & Co. KG and Wiegand Sports, LLC, but have voluntarily dismissed those Defendants. (ECF No. 34.)

> mother. The ride began uneventfully, but as the sled entered a sharp downhill corner to the left, inertia and centrifugal forces pulled C.P.'s body to the right and back (relative to the cart). Instead of holding him firmly in place, the lap-only seatbelt allowed his body to slide farther and farther under the belt. His head and upper body glanced off Ms. Bender, but she was able to grab him around the knees, preventing him from being fully ejected. Unfortunately, his upper body was far enough outside the sled that his head and face repeatedly struck the steel railing and plates supporting the mountain coaster, causing him to suffer catastrophic injuries. As a back seat rider, Ms. Bender was held firmly in place by a three-point safety harness. She was not ejected, but she suffered minor physical injuries and major emotional injuries.

(*Id.* ¶ 1.) Plaintiffs allege that there have been several other injuries stemming from Wiegand mountain coasters, both at Wisp Resort and at other locations. (*See, e.g.*, *id.* at 18–20, 41–47.) Plaintiffs bring several counts, including strict liability, negligence, intentional tort, and gross negligence claims against Wiegand, Pacific, and Everbright. (*See generally id.*) Wiegand brought cross-claims for contribution and indemnity against Pacific and Everbright. (*See* ECF No. 29.) Pursuant to the operative Scheduling Order, discovery is set to close in March 2025, and dispositive motions are due in June 2025. (ECF No. 63.)

Currently pending before the Court are Wiegand's Motion for Protective Order (ECF No. 64) and Motion to File Physical Exhibits (ECF No. 66) and Plaintiffs' Motion to Compel (ECF No. 74).

## II. Motion for Protective Order

Wiegand seeks an order that it need not produce discovery in response to several discovery requests propounded by Plaintiffs. (ECF No. 64.) The discovery requests to which Wiegand objects relate to other incidents involving Wiegand mountain coasters at Wisp Resort and elsewhere. (*Id.*) For the reasons that follow, Wiegand's Motion will be denied without prejudice.

**A. Legal Standard**

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Rule 26(c) permits "[a] party or any person from whom discovery is sought [to] move for a protective order in the court where the action is pending." Specifically, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery . . . [and] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c). "The party moving for a protective order bears the burden of establishing good cause." *Webb v. Green Tree Servicing LLC*, 283 F.R.D. 276, 278 (D. Md. 2012). Further, the good cause requirement creates a "high hurdle" for the moving party. *Id.* (quoting *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006)). Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Natanzon*, 240 F.R.D. at 202 (quoting *Furlow v. United States*, 55 F. Supp. 2d 360, 366 (D. Md. 1999)).

As is relevant here, in the context of challenges related to purportedly similar incidents:

> The burden is on the party resisting discovery to explain specifically why its objections, including those based on irrelevance, are proper given the broad and liberal construction of federal discovery rules. By contrast, at trial it is the offering party that bears the burden of demonstrating relevance, including, in this context, the "substantial similarity" of other incidents, claims, or lawsuits. However, when challenged, threshold or apparent relevance must be established and, if established,

> the burden shifts back to the resisting party to show lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Federal Rule of Civil Procedure 26(b), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption of broad discovery . . . .
>
> Unlike some other courts . . . this Court does not impose on the requesting party the burden of establishing the substantial similarity of the requested incidents and lawsuits subject at the discovery stage of the litigation. That is a very rigorous process, often necessitating expert testimony. Ordinarily, that can and should be reserved for trial, or by motion in limine. At the same time, this Court is not prepared to compel discovery of incidents which bear no apparent relationship to the issues of notice, the magnitude of, the danger involved, the opposing party's ability to correct a known defect; the product's lack of safety for its intended uses standard of care, or causation in this case.

*Desrosiers v. MAG Indus. Automation Sys., LLC*, 675 F. Supp. 2d 598, 601–02 (D. Md. 2009) (citations and quotations omitted).

**B. Analysis**

In short, Wiegand's request for a protective order is far too broad, and Plaintiffs are entitled, under the liberal discovery rules, to receive information about other incidents that occurred in connection with the mountain coasters. Wiegand moves for the entry of a protective order stating that it need not produce documents and information in response to eight document requests and two interrogatories. (*See generally* ECF No. 64.) Wiegand does not limit its request for a protective order in any way, and seeks a blanket order excusing it from producing any documents or information in response to these requests. (*Id.*) Indeed, Wiegand's proposed order would have the Court order—without any limitation or caveat—that "Wiegand Sports GmbH shall have no obligation to respond Request No. 16 of Plaintiff Bender's First Request for Production of Documents; Request Nos. 18, 19, and 20 of Plaintiff Bender's Second Request for Production of Documents; Request No. 26 of Plaintiff Bender's Third Request for Production of Documents; Interrogatory Nos. 12 and 13 of Plaintiff Bender's First Set of Interrogatories; and Request Nos.

16, 18 and 19 of Plaintiff Piper's First Request for Production of Documents." (*See* ECF No. 64-3.)

The document requests and interrogatories at issue plainly seek information to which Plaintiffs are entitled, and Wiegand cannot seriously contend that the information is not relevant. For instance, Request No. 16 of Plaintiff Bender's First Request for Production of Documents seeks documents relating to "an injury producing incident involving a rider in a Wiegand Alpine Coaster 1.0 sled at Wisp." (ECF No. 64-4 at 19–20.) Request No. 18 of Plaintiff Bender's Second Request for Production of Documents seeks documents relating to instances where, *inter alia*, "a front seat passenger reported that his or her body slid partially or fully out of the lap belt while riding a Wiegand Alpine Coaster 1.0 sled"; "a front seat passenger fell or was thrown and/or claimed or was claimed to have fallen or been thrown from a moving Wiegand Alpine Coaster 1.0 sled"; and "a front seat passenger was partially or fully ejected and/or claimed or was claimed to have been partially or fully ejected from a moving Wiegand Alpine Coaster 1.0 sled." (ECF No. 64-5 at 6–7.)

Discovery, of course, does not permit Plaintiffs to go on a fishing expedition. And there are certain of the challenged discovery requests that could likely benefit from agreement by the parties narrowing the precise types of incidents that would be subject to discovery. For instance, Plaintiffs candidly concede in their briefing that "[i]ncidents or occurrences involving rear seat riders in these categories are, arguably, on the borderline." (ECF No. 70 at 23.)[2] However, Wiegand has apparently rebuffed attempts at reasonably narrowing the types of incidents that would be subject to discovery, explaining in its own briefing that:

[2] The Court does not make any findings regarding the relevance of rear seat rider incidents, but only uses this as an example.

> Plaintiffs have not proposed a definition of a substantially similar incident with the salient characteristics of the subject incident. In the course of good faith discussions, counsel for Plaintiffs broadened both the circumstances and allegations contained in the First Amended Complaint. Plaintiff's counsel described a "substantially similar" incident as one in which the front rider in a mountain coaster was ejected or slid under his or her seatbelt during a ride where the seatbelt was latched and remained fastened. This expanded description does not capture the circumstances or the salient characteristics of this particular wintertime incident, as alleged by the Plaintiffs.

(ECF No. 64-1 at 18.) It is not clear why Wiegand would be opposed to the definition apparently proposed by Plaintiffs, as it appears to the Court to be a very narrow one.[3] *See Desrosiers*, 675 F. Supp. 2d at 603 ("[A]t the discovery stage . . . substantial similarity should be liberally defined." (citing *Benedi v. McNeil–PPC, Inc.*, 66 F.3d 1378, 1386 (4th Cir. 1995).)

Wiegand makes several other arguments, which the Court rejects. Wiegand argues that "Plaintiffs' pursuit of discovery regarding other incidents hinge[s] on the assumption Wiegand received detailed reports from owners/operators of mountain coasters which described alleged front seat rider ejections substantially similar to that of the instant matter; and that owners/operators self-reported their own liability and culpability to Wiegand for failing to properly restrain front seat riders." (ECF No. 64-1 at 16.) Wiegand of course cannot be compelled to produce information that it does not have, but this argument does not provide a basis for granting Wiegand's Motion.

Further, Wiegand appears to argue that, because Pacific and Everbright are more culpable, discovery directed at Wiegand is disproportionate. (*See* ECF No. 64-1 at 18–19.)[4] The issue of

---

[3] Again, the Court makes no findings at this time about the appropriate scope of discovery, but only points to this to illustrate that Plaintiffs appear to be making a good faith effort to reasonably narrow the scope.

[4] Wiegand noted in its responses to certain of Plaintiffs' discovery requests that "[i]n this case, the gravamen of the claims made on behalf of C.P. is that Everbright failed to verify that C.P. was properly seated in the sled, was securely fastened into the sled, failed to verify and ensure that the front seatbelt of the sled at issue did not have slack; and failed to check the fit of the front seatbelt C.P. was using and remove the slack that was present." (ECF No. 64-4 at

the various Defendants' culpability is simply not before the Court at this time, and Wiegand's view that it is less culpable than the other Defendants does not provide justification for the breathtakingly broad protective order Wiegand seeks.

In addition, Wiegand's argument that evidence regarding other incidents would be precluded pursuant to Federal Rule of Evidence 403 is inapposite. It is well established that "[d]iscoverable evidence is broader than admissible evidence because it is relevance and not admissibility that determines whether a matter is discoverable." *Est. of Bryant v. Baltimore Police Dep't*, No. ELH-19-384, 2020 WL 6161708, at *3 (D. Md. Oct. 21, 2020) (citation and quotation omitted). Rule 26 itself provides that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Also, Wiegand argues that the discovery requests are burdensome, but does not provide sufficient detail to carry its burden regarding the onerousness of the requests. It is simply not clear on the basis of Wiegand's Motion and Memorandum why Plaintiffs' requests are unduly burdensome.

Finally, Wiegand's arguments that Plaintiffs' discovery requests seek protected health information and privileged information does not give the Court reason to grant Wiegand's Motion. To the extent that any such information must be withheld, it can be redacted prior to production or placed on a privilege log.

Accordingly, Wiegand's Motion will be denied without prejudice. Wiegand may renew its Motion if the parties are unable to agree, after good faith negotiation, upon the scope of

22.) While this case of course involves claims against Everbright and Pacific, the fact remains that Plaintiffs have brought nine counts against Wiegand.

discovery surrounding other incidents. Any renewed motion must be significantly narrower than the one currently pending.

Wiegand also filed a Motion to File Physical Exhibits. (ECF No. 66.) Wiegand seeks to file "[a] compilation of several videos depicting Plaintiffs and the mountain coaster on the day in question." (ECF No. 64-1 at 18.) Reviewing such video would not aid the Court in its decisional process, and that Motion will be denied.

## III. Motion to Compel

Plaintiffs have filed a Motion to Compel Discovery Responses. (ECF No. 74.) The Motion does not comply with the Court's Local Rules and will be denied without prejudice.

Local Rules 104.7 and 104.8 govern the procedure regarding motions to compel in this District.[5] If a party is dissatisfied with an opposing party's response to a discovery request, the party may serve on the opposing party a motion to compel. The opposing party must serve a response, and the moving party serves any reply. These papers should not be filed with the Court. After all of the documents relating to the motion to compel have been served, the parties must hold a discovery conference under Rule 104.7. In the discovery conference, counsel are required to "make a reasonable effort to resolve the differences between them." If counsel are unable to resolve their dispute, they may then file the papers with the Court, along with a Rule 104.7 certificate describing the discovery conference.

Here, the parties have not engaged in the motions practice contemplated by the Local Rules. Although Plaintiffs have filed a Rule 104.7 certificate (ECF No. 74-1), the record before the Court reflects that the parties did not exchange motions, responses, or replies prior to any Rule 104.7 discovery conference. However, "only *after* [the process laid out by Rule 104.7 and 104.8]

---

[5] Local Rule 104.8 applies to any motion to compel except in certain instances not relevant here, such as where no responses at all have been served. Here, Wiegand did serve some responses on Plaintiffs.

may the requesting party file the papers with the Court, and only if the dispute still remains despite the parties' sincere efforts to resolve it." *Maxtena v. Marks*, 289 F.R.D. 427, 436 (D. Md. 2012) (emphasis in original) (quoting *Anderson v. Reliance Standard Life Ins. Co.*, Civ. No. WDQ-11-1188, 2011 WL 4828891, at *2 (D. Md. Oct. 11, 2011)). Full compliance with the Local Rules "encourage[es] parties to narrow their disputes prior to seeking judicial intervention." *Id.* The parties have not complied with the Local Rules and have not presented the Court with a narrow dispute, and the Motion to Compel will therefore be denied without prejudice to renewal upon compliance with the Local Rules.

Wiegand argues that Plaintiffs' Motion to Compel is untimely, given that the Local Rules provide that a party must serve a motion to compel within 30 days of that party's receipt of an allegedly deficient response. (*See* ECF No. 75 at 4.) However, the Court will not strictly enforce this 30-day deadline. *See* Local Rule 604 ("For good cause shown, the Court may, in a particular case, suspend the provisions of any of these Rules . . . upon its own motion and may order proceedings in accordance with its direction."). The record before the Court reflects that the parties agreed upon various extensions and rolling productions relating to the discovery requests. (*See, e.g.*, ECF No. 74-2 (Weigand explaining in response to a discovery request that "a search for responsive documents is ongoing and will be supplemented accordingly").) The Court therefore finds that there is good cause to excuse the 30-day deadline.

## IV. Conclusion

For the foregoing reasons, the pending Motions are all denied. The Motion for Protective Order and the Motion to Compel are denied without prejudice as specified above. The Court reminds the parties that, with respect to discovery disputes, the Court expects that "[c]ounsel shall confer with one another concerning a discovery dispute and make a *reasonable effort* to resolve

the differences between them" and that counsel are required to "meet in person or by video or telephonic means for a reasonable period of time in a *good faith* effort to resolve the disputed matter." Local Rule 104.7 (2023) (emphasis added).

DATED this 16 day of September, 2024.

BY THE COURT:

James K. Bredar
James K. Bredar
United States District Judge