IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARY ANN BENDER, et al., | * | |
| Plaintiffs, | * | |
| v. | * | CIVIL NO. JKB-23-1511 |
| WIEGAND SPORTS GMBH, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' Motion for Leave to File Second Amended Complaint. (ECF No. 110.) Defendants' opposition was due on January 28, 2025, but they have not filed one.

The Court issued a Scheduling Order in this case setting, *inter alia*, a deadline of December 22, 2023 for moving for joinder of additional parties and amendment of pleadings. (ECF No. 47.) The parties have sought—and have been granted—the extension of most deadlines, but they have not sought an extension of the deadline for moving for joinder of additional parties and amendment of pleadings. (*See* ECF Nos. 62, 96, 106.) Thus, given that the pending Motion was filed on January 14, 2025, the deadline for moving to amend the pleadings has long passed. Therefore, the Court must assess the pending Motion pursuant to both Federal Rules of Civil Procedure 16(b)(4) and 15(a)(2). *See Timbers v. Telligent Masonry, LLC*, Civ. No. JKB-21-00293, 2022 WL 17541751, at *3 (D. Md. Dec. 8, 2022) ("A motion for leave to amend pleadings filed beyond the deadline set forth in the scheduling order will only be granted if it satisfies both the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4) and the standard of Rule 15(a)(2) for allowing amendment of pleadings.").

1

In the pending Motion, Plaintiffs reference only the Rule 15 standard, not the Rule 16 standard, although they do acknowledge that the amendment deadline has passed. (*See* ECF No. 110 at 8.) However, Plaintiffs will not be required to correct this oversight because their briefing provides the Court with sufficient detail to allow the Court to conclude they satisfy both relevant standards, and because Defendants have filed no opposition.

As this Court has explained:

> Good cause exists if "deadlines cannot reasonably be met despite the party's diligence." *Cook v. Howard*, 484 Fed. App'x 805, 815 (4th Cir. 2012) (per curiam) (quotations omitted). Courts consider "whether the moving party acted in good faith, the length of the delay and its effects, and whether the delay will prejudice the non-moving party." *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 520 (D. Md. 2014).

*Timbers*, 2022 WL 17541751, at *4.

Plaintiffs appear to have acted diligently and in good faith. They seek to amend their complaint to accommodate facts they have learned in discovery, which is ongoing. Under such circumstances, the Court finds that there is good cause. And while the length of the delay would ordinarily lead the Court to deny the Motion, as Plaintiffs point out, there is no reason the filing of this Second Amended Complaint should cause any change to the operative schedule in this case. Further, the Court does not discern any prejudice to Defendants. As Plaintiffs explain, the proposed Second Amended Complaint "contains the exact same legal theories, and the only change made is that it splits the gross negligence, strict liability, and intentional torts claims . . . into separate counts." and "the Amended Complaint contained broader allegations that the Second Amended Complaint narrows." (ECF No. 110 at 8–9.) The conclusion that Defendants will suffer no prejudice is bolstered by the fact that Defendants have not filed any opposition to the Motion.[1]

---

[1] The Court recognizes that Defendants have not *consented* to the filing of a second amended complaint. As Plaintiffs explain in their Motion, they sought Defendants' consent, but "[u]nfortunately, Defendants' counsel were not able to respond to the request in the time given." (ECF No. 110 at 3.) Plaintiffs also explain that, "[s]hould Defendants' counsel provide their clients' consent after the filing of this Motion, Plaintiffs agree to file a line to that effect." (*Id.*)

Accordingly, it is ORDERED that Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 110) is GRANTED.

DATED this 5 day of February, 2025.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge

---

The Court has received no such notification. However, the fact remains that Defendants have not opposed the Motion and the Court presumes that, if Defendants believed they would be prejudiced by the filing of the proposed Second Amended Complaint, they would have said so.

3