IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARY ANN BENDER, et al.,                    *

    Plaintiffs,                              *

    v.                                       *              CIVIL NO. JKB-23-1511

WIEGAND SPORTS GMBH, et al.,                *

    Defendants.                              *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Wiegand Sports GmbH's ("Wiegand's") Motion to Quash Subpoenas and for Protective Order. (ECF No. 119.) Wiegand seeks to quash subpoenas issued by Pacific Group Resorts, Inc. ("Pacific") and Everbright Pacific, LLC ("Everbright") (collectively, "WISP") to third parties, and seeks a protective order regarding the same. For the reasons set forth below, the Motion will be denied without prejudice.

### I.    Background

Plaintiffs Mary Ann Bender and Eric Piper brought suit against Wiegand and WISP, both as parent and next friend of C.P. and in their individual capacities. (*See generally* ECF No. 112.) This case relates to an incident that occurred on a "mountain coaster" at Wisp Resort. (*Id.*) Wiegand "designed, manufactured, distributed, and sold the mountain coaster and the sled at issue in this case; and [it] sent [its] agents, servants, and employees to Maryland to lay out the mountain coaster and determine how it would be built, and then later, to supervise and assist with the installation of the coaster and sleds." (*Id.* ¶ 9.) Pacific "is the owner and operator of Wisp Resort and the mountain coaster and sled at issue." (*Id.* ¶ 10.) Everbright is "a co-operator of . . . Wisp Resort and the mountain coaster and sled at issue." (*Id.* ¶ 11.)

As Plaintiffs allege:

On January 15, 2022, C.P., a 9-year-old boy, was a belted front seat rider in a two person tandem mountain coaster sled with Mary Ann Bender, his mother. The ride began uneventfully, but as the sled entered a sharp downhill corner to the left, inertia and centrifugal forces pulled C.P.'s body to the right and back (relative to the cart). Instead of holding him firmly in place, the lap-only seatbelt allowed his body to slide farther and farther under the belt. His head and upper body glanced off Ms. Bender, but she was able to grab him around the knees, preventing him from being fully ejected. Unfortunately, his upper body was far enough outside the sled that his head and face repeatedly struck the steel railing and plates supporting the mountain coaster, causing him to suffer catastrophic injuries. As a back seat rider, Ms. Bender was held firmly in place by a three-point safety harness. She was not ejected, but she suffered minor physical injuries and major emotional injuries.

(*Id.* ¶ 1.) Plaintiffs allege that there have been several other injuries stemming from Wiegand mountain coasters, both at Wisp Resort and at other locations. (*See, e.g., id.* at 18–20.) Plaintiffs bring several counts, including strict liability, negligence, and intentional tort and/or gross negligence claims against Wiegand, Pacific, and Everbright. (*See generally id.*) Wiegand brought cross-claims for contribution and indemnity against Pacific and Everbright, and Pacific and Everbright brought the same against Wiegand. (*See* ECF Nos. 113, 114.)

The Court issued a scheduling order, and the parties have been engaged in discovery. As is relevant for the pending Motion, WISP reports that "[b]oth WISP and Plaintiffs have long sought information on other ejection incidents involving Wiegand mountain coasters through document requests and interrogatories to Wiegand." (ECF No. 120 at 3.) On January 11, 2024, WISP served discovery requests on Wiegand seeking information regarding incidents involving injuries or deaths on alpine coasters from January 1, 2010 to January 14, 2022 and documents relating to the same. (*Id.* at 5.) Wiegand responded by objecting to the request and stating that it was not aware of any such incidents, and also stating that "the geographic footprint of these mountain coasters is spread across the world and under the custody and control of third parties. It would be unduly

2

burdensome for Wiegand to collect information in the possession of third party owners and operators of mountain coasters." (*Id.* at 6.)

Wiegand filed a motion for a protective order, seeking an order that it need not produce documents and information in response to certain of Plaintiffs' discovery requests relating to other incidents involving Wiegand mountain coasters at Wisp Resort and elsewhere. (*See* ECF No. 84.) The Court denied the motion, finding that the requested relief was "far too broad" and that "Plaintiffs are entitled, under the liberal discovery rules, to receive information about other incidents that occurred in connection with the mountain coasters." (*Id.*) The Court took issue with Wiegand's failure to "limit its request for a protective order in any way" and its request for "a blanket order excusing it from producing any documents or information in response to these requests." (*Id.*) The Court recognized that certain of the challenged discovery requests "could likely benefit from agreement by the parties narrowing the precise types of incidents that would be subject to discovery." (*Id.*)

In response to the Court's order, the parties agreed to a discovery proposal relating to Wiegand's production of documents to Plaintiffs and to WISP. (ECF No. 120 at 7; ECF No. 119-3.) The agreement provided that Wiegand was required to produce documents and information "relating to any incident that occurred at Wisp or any other resort or facility with a Wiegand mountain coaster between January 1, 2013, and January 15, 2022, in which a front or rear seat occupant in a sled fell or was partially or fully ejected while wearing a seatbelt, properly or improperly, with a retractor that was the same or was substantially similar to the retractor in the sled at issue . . ." (ECF No. 119-3). The agreement further provided that "Wiegand does not have to contact the owners or operators of Wiegand coasters to obtain responsive material unless a

3

Wiegand entity was in the possession of responsive documents but, for whatever reason, is no longer in possession of them." (*Id.*)

Wiegand then supplemented its prior responses "with only ten redacted pages of responsive documents and information on a total of three incidents over the nine year period at forty-one facilities." (ECF No. 120 at 7.) However, WISP explains that it has reason to believe that there have been other ejection incidents that have not been reported to it by Wiegand. (*Id.* at 8.) In its briefing, WISP details several other ejection incidents. (*Id.* at 8–11.) WISP also explained that Juergen Ruschke, Wiegand's corporate representative, testified that owners and operators do not always reliably inform Wiegand about incidents, although it is required by the contract and the manual. (*Id.* at 8.)

WISP therefore served its Notice of Intent to Serve Subpoena on May 28, 2025, in which it informed Wiegand that it intended to serve subpoenas on 41 Wiegand customers relating to ejection incidents that occurred at places other than Wisp Resort. (ECF No. 120 at 12.) Wiegand raised concerns regarding the scope of the subpoenas, and the record reflects various conferences and emails between counsel for Wiegand and WISP, during which the parties were apparently working to narrow to the scope of the subpoenas, particularly with respect to time frame. (*See* ECF Nos. 120 at 12–14, ECF No. 120-17, ECF No. 120-18.)

Wiegand then filed the instant Motion, pursuant to Federal Rules of Civil Procedure 26(c) and 45(d)(3), to quash the subpoenas and for a protective order. (ECF No. 119.) More specifically, Wiegand seeks the entry of a protective order "quashing the forty-one (41) subpoenas stating that Wiegand's customers need not produce documents or information in response thereto, which seek documents concerning alleged ejection incidents involving Wiegand Mountain Coasters from January 1, 2013, to January 15, 2022." (*Id.*) WISP opposes.

4

## II.   Analysis

### A.  Motion to Quash

Wiegand does not have standing to bring a motion to quash pursuant to Rule 45.[1] "Ordinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena." *United States v. Idema*, 118 F. App'x 740, 744 (4th Cir. 2005). Wiegand explains that it has "the right and privilege to protect its other customers from annoyance, harassment, and undue burden" and that it "also has standing to seek relief with this Motion so it does not have to manage forty-one customer relationships in response to WISP Resort's fishing expedition." (ECF No. 119-1 at 9.) Wiegand identifies no case law supporting the notion that this is sufficient to confer standing to bring a motion to quash subpoenas issued to third parties.[2]

### B.  Motion for Protective Order

Despite not having standing to bring a motion to quash, Wiegand may bring a motion for a protective order. Courts in this Circuit have recognized that, under Rule 26(c), "a party may challenge a third party subpoena through a motion for a protective order." *Fangman v. Genuine Title, LLC*, Civ. No. RDB-14-0081, 2016 WL 560483, at *3 (D. Md. Feb. 12, 2016) (citing *Sirpal v. Fengrong Wang*, Civ. No. WDQ-12-0365, 2012 WL 2880565 (D. Md. July 12, 2012)); *see Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 240 (E.D. Va. 2012) (noting that "plaintiffs

---

[1] Further, although no party addresses this issue, Rule 45 provides that a motion to quash should be brought in "the court for the district where compliance is required." The third parties do not appear to be located in Maryland. (*See* ECF No. 119-4 at 8–212.)

[2] To the extent Wiegand is attempting to argue that the discovery agreement reached by the parties in November 2024 confers such standing, Wiegand misrepresents the agreement. The agreement provides that Wiegand will not be required to obtain information from third parties, not that Plaintiffs and WISP cannot themselves seek information from third parties. (*See* ECF No. 119-3 ("Defendant Wiegand does not have to contact the owners or operators of Wiegand coasters to obtain responsive material unless a Wiegand entity was in the possession of responsive documents but, for whatever reason, is no longer in possession of them").)

have standing to challenge subpoenas duces tecum as irrelevant and overbroad under Rule 26,

regardless of whether they have standing to bring a motion to quash under Rule 45"); *see also*

*Wheeler v. Virginia*, Civ. No. 17-337, 2018 WL 10611666, at *1 (W.D. Va. Sept. 18, 2018)

("Courts in the Fourth Circuit have ruled that motions to quash subpoenas directed at third parties

can be viewed as motions for protective orders under Federal Rule of Civil Procedure 26(c)(1)").)

> Federal Rule of Civil Procedure 26(b)(1) provides that
>
> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant
> to any party's claim or defense and proportional to the needs of the case,
> considering the importance of the issues at stake in the action, the amount in
> controversy, the parties' relative access to relevant information, the parties'
> resources, the importance of the discovery in resolving the issues, and whether the
> burden or expense of the proposed discovery outweighs its likely benefit.

Rule 26(c) permits "[a] party or any person from whom discovery is sought [to] move for a

protective order in the court where the action is pending." Specifically, "[t]he court may, for good

cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or

undue burden or expense, including . . . forbidding the disclosure or discovery . . . [and] forbidding

inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."

Fed. R. Civ. P. 26(c). "The party moving for a protective order bears the burden of establishing

good cause." *Webb v. Green Tree Servicing LLC*, 283 F.R.D. 276, 278 (D. Md. 2012). Further,

the good cause requirement creates a "high hurdle" for the moving party. *Id.* (quoting *Baron Fin.*

*Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006)). Rule 26(c) "confers broad discretion on

the trial court to decide when a protective order is appropriate and what degree of protection is

required." *Natanzon*, 240 F.R.D. at 202 (quoting *Furlow v. United States*, 55 F. Supp. 2d 360, 366

(D. Md. 1999)).

The Motion will be denied. While the Court does not discount the fact that the subpoenas

could cause some degree of harm to Wiegand's customer relationships, the information that WISP

6

seeks from the third parties is relevant to this case, and Wiegand has not carried its burden of demonstrating that the subpoenas are overbroad or not proportional to the needs of the case. Wiegand has also not carried its burden of demonstrating that the subpoenas will cause some undue burden or expense. Further, WISP has persuaded the Court that this information is not obtainable through Wiegand, given the spare information and document productions WISP has received on this issue, and WISP's reports of other ejection incidents.

Wiegand has sought a far-too-broad protective order from the Court. It appears that the major dispute between the parties is the time period requested in the third-party subpoenas. However, rather than present that specific issue to the Court, Wiegand seeks an order that would "quash[] the forty-one (41) subpoenas [and] stat[e] that Wiegand's customers need not produce documents or information in response thereto, which seek documents concerning alleged ejection incidents involving Wiegand Mountain Coasters from January 1, 2013, to January 15, 2022." (ECF No. 119.)[3] That is not an appropriate request.

This is the second time Wiegand has requested inappropriately broad relief from the Court. (See ECF No. 84 at 4 (taking issue with Wiegand's requested protected order as "far too broad" and noting that "Wiegand moves for the entry of a protective order stating that it need not produce documents and information in response to eight document requests and two interrogatories" and that "Wiegand does not limit its request for a protective order in any way, and seeks a blanket

---

[3] Wiegand makes passing references to "a good faith proposal of a five-year look back period that was rejected by the WISP Resort." (ECF No. 119-1 at 13.) And in its reply, Wiegand expressly states that "[d]ue to Wiegand's good faith efforts, this dispute is now limited to addressing whether Wiegand's customers should be burdened with a look back period of nine years (ie., January 1, 2013, to January 15, 2022) or something less." (ECF No. 125 at 4.) And yet, despite that recognition, rather than seek discrete relief regarding the relevant time period, Wiegand seeks to prevent the subpoenas from issuing in their entirety. (See ECF No. 119.) This is not sufficient for Wiegand to carry its burden, and is plainly not sufficient for this Court to make a reasoned judgment as to what time period would be appropriate. Further, it is not clear to the Court based on the briefing why it is not reasonable for WISP to seek information from 2013 through 2022, particularly in light of the fact that this is the same time period Wiegand agreed to with respect to its own production relating to other mountain coaster incidents.

order excusing it from producing any documents or information in response to these requests").)

There may be some more tailored relief that Wiegand could appropriately seek, but it has not done

so here.

The Court will repeat what it stated in its prior decision denying Wiegand's first motion

for a protective order:

> The Court reminds the parties that, with respect to discovery disputes, the Court expects that "[c]ounsel shall confer with one another concerning a discovery dispute and make a *reasonable effort* to resolve the differences between them" and that counsel are required to "meet in person or by video or telephonic means for a reasonable period of time in a *good faith* effort to resolve the disputed matter." Local Rule 104.7 (2023) (emphasis added).

(ECF No. 84 at 9–10.) The Court maintains this expectation.

While the Court is hesitant to grant extensions in this already-dated case, the Court

recognizes that this ruling may necessitate the extension of certain deadlines. As the Court already

reiterated above, the Court expects the parties to work professionally and in good faith to the extent

extensions are necessary.

## III.  Conclusion

For the foregoing reasons, it is ORDERED that the Motion to Quash Subpoenas and for

Protective Order (ECF No. 119) is DENIED without prejudice.

DATED this __11__ day of July, 2025.

BY THE COURT:

James K. Bredar
United States District Judge

8