IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MARY ANN BENDER, et al.** | * | |
| **Plaintiffs,** | * | |
| v. | * | **CIVIL NO. JKB-23-1511** |
| **WIEGAND SPORTS GmbH., et al.** | * | |
| **Defendants.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

On January 16, 2026, in response to pending motions, the parties filed several opposition briefs (ECF Nos. 165, 166, 168, 172, 173, 175, 176, 179, and 183) and several motions to seal confidential exhibits/attachments (ECF Nos. 164, 170, 171, 174, 177, and 180) pursuant to the parties' stipulated protective order.

Plaintiffs Mary Ann Bender and Eric Piper filed their opposition briefs and all exhibits thereto (ECF Nos. 165, 172, and 183) under seal, and they filed three motions to seal (ECF Nos. 164, 171, and 174). Plaintiffs' motions to seal will be granted insofar as they request sealing of the exhibits/attachments to their briefs, but will be denied with respect to the sealing of the opposition briefs themselves. Two of Plaintiffs' motions to seal (ECF Nos. 164 and 174) are deficient in that they do not request, much less justify, sealing Plaintiffs' opposition briefs themselves (ECF Nos. 165 and 183), as opposed to the exhibits/attachments thereto. Plaintiffs' third motion to seal (ECF No. 171) does at least appear to *request* the sealing of both the corresponding opposition brief (ECF No. 172) and the exhibits/attachments thereto (though, confusingly, it refers to its opposition brief as an "Opposition Motion" and sometimes just a

"Motion"), but it does not *justify* sealing the opposition brief in its entirety, as many parts of the brief are plainly not confidential. All three of Plaintiffs' briefs will remain sealed as filed, but Plaintiffs will be required to either refile the briefs (ECF Nos. 165, 172, and 183) on the public docket, or, insofar as the briefs reveal or discuss confidential information that Plaintiffs believe should remain under seal, to refile on the public docket versions of the briefs that have all confidential information redacted, along with motions to seal the redacted information. Plaintiffs need not refile the exhibits/attachments to these briefs, which will remain sealed as filed.

Defendants' motions to seal (ECF Nos. 170, 177, and 180) have been properly filed and will be granted.

Accordingly, it is hereby ORDERED that:

1. Defendants' motions to seal (ECF Nos. 170, 177, and 180) are GRANTED;

2. Plaintiffs' motions to seal (ECF Nos. 164, 171, and 174) are GRANTED insofar as they request sealing of all exhibits/attachments to their briefs (ECF Nos. 165, 172, and 183), which shall remain SEALED;

3. Plaintiffs' motions to seal (ECF Nos. 164, 171, and 174) are DENIED insofar as they request sealing of the entirety of Plaintiffs' briefs themselves (ECF Nos. 165, 172, and 183), though such briefs shall remain SEALED to permit revised filings as described below; and

4. Plaintiffs are hereby ORDERED to either refile their briefs (ECF Nos. 165, 172, and 183) on the public docket, or, insofar as the briefs reveal or discuss confidential information that Plaintiffs believe should remain under seal, to refile on the public docket versions of the briefs that have all confidential information redacted, along with motions to seal the redacted information, within seven (7) days of this Order.

DATED this 28 day of January, 2026.

BY THE COURT:

/s/ James K. Bredar

James K. Bredar
United States District Judge